

NUMBERS 13-10-00030-CR
13-10-00031-CR
13-10-00032-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DENNIS GRAY STONE, III,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

On appeal from the 377th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant Dennis Gray Stone, III appeals from his convictions in trial court cause

24,737 for the offense of aggravated sexual assault and compelling prostitution (appellate

cause number 13-10-030-CR),[1] cause 24,738 for aggravated robbery with one felony enhancement paragraph (appellate cause number 13-10-031-CR),[2] and cause 24,980 for aggravated sexual assault (appellate cause number 13-10-032-CR).[3] Appellant pleaded guilty in each case, and after hearing evidence, the trial court sentenced appellant to fifty-five years in cause 24,737, forty years in cause 24,738, and fifty-five years in cause 24,980. All sentences were to run concurrently.[4]

Concluding that "no reversible error is reflected by the record," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeals. We affirm.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that, in his professional opinion, the appeals are without merit and are frivolous. Counsel's brief discusses the portions of the records pertinent to the following arguable grounds of error presented: (1) the trial court improperly admonished appellant, which voids the entirety of the plea and punishment proceedings; (2) the trial court failed to consider mitigating evidence in determining appellant's sentences; (3) appellant's sentences are cruel and unusual in violation of the U.S. Constitution; and (4) appellant was not given effective assistance of counsel at the hearing. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically

---

[1]*See* TEX. PENAL CODE ANN. §§ 22.021(a)(2)(B), 43.05(a)(2) (Vernon Supp. 2009).

[2]*See id*. § 29.03 (Vernon 2003), *see also id*. § 12.42(c)(1) (Vernon Supp. 2009).

[3]*See id*. § 22.021(a)(2)(B).

[4]Because the cases were tried together, resulting in convictions on all charges, concurrent sentencing, and companion appeals to this Court, we will address them in one opinion.

advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no error in the trial court's judgment in each case. Counsel certified to this Court that he has diligently searched the reporter's record and each clerk's record, has researched the law applicable to the facts and issues presented, if any, and has concluded, in his professional opinion, that the appeals are without merit and are frivolous. Counsel has informed this Court that he (1) forwarded a copy of the brief and his request to withdraw as counsel to appellant at his last known address; (2) would send appellant a copy of the reporter's record; (3) provided information regarding how to request a copy of the clerk's records from the Victoria County District Clerk; and (4) informed appellant of his right to review each record and to file a pro se response.[5] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

---

[5]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

## II. Independent Review

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw filed in appellate cause numbers 13-10-030-CR, 13-10-031-CR, and 13-10-032-CR and carried with the case on June 16, 2010. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgments to

4

appellant and to advise appellant of his right to petition for discretionary review.[6]  *See* TEX.

R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206

S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of August, 2010.

---

[6]No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.